**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**BAY CITY DIVISION**

In Re:

CHARLES J. SMITH,                                  Bankruptcy Case No. 21-20986-DOB
                                                            Chapter 13

            DEBTOR.

_____/

**CORRECTED**
**MOTION FOR DISMISSAL OF CASE**

Nationwide Judgment Recovery, Inc. (hereinafter "Nationwide"), by and through the

undersigned counsel, hereby filed this Motion to Dismiss the Debtor's Chapter 13, and, as grounds

therefore, alleges as follows:

**PARTIES AND JURISDICTION**

1.      The Debtor, Charles J. Smith ("Debtor"), resides at 4420 Denby Drive in Saginaw,

Michigan 48603.

2.      On September 7, 2021, the Debtor filed for relief under Chapter 13 of the

Bankruptcy Code and relief was ordered thereon.

3.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334(b) and

11 U.S.C. § 1325.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1408 and § 1409.

5.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L).

**FACTUAL AND PROCEDURAL BACKGROUND**

6.      On October 25, 2021, Nationwide timely filed a general unsecured proof of claim

against the Debtor's estate in bankruptcy in the amount of $540,438.14 for the unpaid pre-

petition debt arising out of a federal judgment entered on August 14, 2017 in *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017), referred to collectively herein as the "Judgment." A true and correct copy of the Judgment is attached hereto as Exhibit "6" and is incorporated herein by reference.

7.      Nationwide's claim was designated as Claim Number 4 (Claim 4) on the Court's Claims Register.

8.      According to the Claims Register, as of November 5, 2021, the Debtor has general unsecured claims totaling $542,153.42.

9.      Nationwide's claim represents approximately 99.6% of the Debtor's filed unsecured debt according to the Court's Claims register as of November 5, 2021.

10.     On Schedule I of the bankruptcy petition, the Debtor reports gross monthly household income totaling $4,626.00.

11.     After deductions for the Debtor's monthly living expenses and secured debt, Schedule J reports $125.00 in monthly projected disposable income.

12.     On September 15, 2021, the Debtor filed a Chapter 13 Plan providing for monthly payments of $125.00 for thirty-six (36) months for a base Plan totaling $4,500.00. After payment of administrative costs and attorneys' fees, approximately $550.00 will be available for distribution to unsecured creditors.

### THE DEBTOR IS NOT ELIGIBLE TO BE A CHAPTER 13 DEBTOR

13.     Paragraphs 1 through 12 are incorporated by reference as if fully set forth at length.

14.     Nationwide moves to dismiss this Chapter 13 cases on the grounds that the Debtor does not meet the eligibility requirements set forth in 11 U.S.C. 109(e).

15.     A Motion to Dismiss based on non-compliance with 11 U.S.C. 11 109(e) must be raised at or before the Chapter 13 confirmation hearing or the right will be waived.  *See In re Lochamy*, 197 B.R. 384, 387 (Bankr. N.D. Ga. 1995) ("debtor's eligibility for Chapter 13 relief under 109(e) is a mature issue within the scope of a Chapter 13 plan confirmation hearing….confirmation of a debtor's Chapter 13 plan may be res judicata as to the issue of eligibility under 109(e)").

16.     The Bankruptcy Court may dismiss or convert a Chapter 13 case for cause upon the request of a party in interest.  11 U.S.C. §1307(c), which states:

> On request of a party in interest…the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause…

17.     According to the Claims Register, as of November 5, 2021, the Debtor has general unsecured claims totaling $542,153.42.

18.     Consequently, Nationwide's claim must be included for the purposes of determining the Debtor's eligibility to file a Chapter 13 bankruptcy unless it is either contingent or unliquidated.

19.     The Court in *In re Redburn,* 193 B.R. 249, 259 (Bankr.W.D.Mich.1996) held that a debt is non-contingent if "…all events giving rise to liability occurred prior to the filing of the bankruptcy petition." ... Conversely, a contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor."

20.     The entirety of Nationwide's judgment occurred prior to the Debtor's filing of a bankruptcy petition on September 7, 2021.  Therefore, Nationwide's claim is non-contingent.

21.     In *Dow Corning Corporation*, the Court held that "… a claim is liquidated when its value is capable of ready ascertainment, irrespective of whether the validity of the claim is in dispute." 215 B.R. 346, 359 (Bankr. E. D. Mich. 1997)

22.     In the instant case, Nationwide's claim is readily determinable, easily quanitifiable and not subject to a future exercise of discretion as to amount or liability.  Therefore, Nationwide's claim is liquidated.

23.     Because Nationwide's claim in the instant matter is noncontingent, liquidated, and exceeds the debt limit of $419,275.00 as set forth in 11 U.S.C. 109(e), the Debtor is not eligible to be a Chapter 13 debtor.

24.     Based on the foregoing, the Debtor's Chapter 13 case should be dismissed.

WHEREFORE, Nationwide Judgment Recovery, Inc. respectfully requests that this Court enter an Order Dismissing the Chapter 13 Case and for any other additional relief that the Court deems just and proper.

                                        Respectfully submitted,


                        By:     /s/ Steven J. Cohen
                                Steven J. Cohen
                                Lipson Neilson P.C.
                                3910 Telegraph Road, Suite 200
                                Bloomfield Hills, MI  48302
                                Telephone:  (248) 593-5000.
                                Facsimile:  (248) 593-5040
                                Email: SCohen@lipsonneilson.com
Dated: November 11, 2021

In Re:

CHARLES J. SMITH ,                              Bankruptcy Case No. 21-20986-DOB
                                                Chapter 13

       DEBTOR.

_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff, Nationwide Judgment Recovery, Inc., having filed a Motion to Dismiss and no responses or objections to the Motion having been filed timely, or any filed objection having been resolved; notice having been provided properly, pursuant to L.B.R. 9014-1; and the Court otherwise being fully advised in the premises; it is **NOW THEREFORE**

**ORDERED** that Nationwide Judgment Recovery, Inc.'s Motion is GRANTED; and it is further

**ORDERED** that Debtor's Chapter 13 case is DISMISSED.

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**BAY CITY DIVISION**

In Re:

CHARLES J. SMITH,                          Bankruptcy Case No. 21-20986-DOB
                                           Chapter 13

        DEBTOR.

_____/

## NOTICE OF CORRECTED MOTION TO DISMISS AND OPPORTUNITY TO OBJECT

Nationwide Judgment Recovery, Inc. ("Nationwide"), has filed papers with the court to Dismiss the above-referenced case.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the court to enter an Order Granting Motion to Dismiss in favor of Nationwide Judgment Recovery, Inc., or if you want the court to consider your views on the motion, within **fourteen (14) days**, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

> United States Courthouse
> 111 First Street
> Bay City, MI 48708

> If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

> You must also send a copy to:

> Steven J. Cohen, Esquire
> Lipson Neilson P.C.
> 3910 Telegraph Road, Suite 200
> Bloomfield Hills, MI  48302

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

---

[1]     Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

By:     /s/  *Steven J. Cohen*
        Steven J. Cohen (P45140)
        Lipson Neilson P.C.
        3910 Telegraph Road, Suite 200
        Bloomfield Hills, MI  48302
        Telephone:  (248) 593-5000.
        Fax:   (248) 593-5040
        Email: SCohen@lipsonneilson.com

Dated: November 11, 2021

**FINAL JUDGMENT**

In accordance with the Court's Order Granting Entry of Final Judgment Against Certain Net Winner Class Members, Final Judgment is hereby entered against Defendant **CHARLES J SMITH** in the amount of **$514,420.27** which is comprised of $383,052.20 in net winnings from the ZeekRewards scheme and $131,368.07 in prejudgment interest. Post-judgment interest shall accrue on the total amount of this Judgment, including prejudgment interest, at the rate specified under 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

EXHIBIT 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**BAY CITY DIVISION**

In Re:

CHARLES J. SMITH,  Bankruptcy Case No. 21-20986-DOB
Chapter 13

        DEBTOR.

_____/

## CERTIFICATE OF SERVICE

STEVEN J. COHEN, attorney for Nationwide Judgment Recovery, hereby certifies as follows:

    1.    I am the attorney for Nationwide Judgment Recovery and am fully familiar with the facts of this case.

    2.    On November 11, 2021, I served by electronic means a copy of the Corrected Motion to Dismiss the Debtor's Chapter 13 Case to the following individuals:

Trustee
Thomas McDonald
3144 Davenport
Saginaw, MI 48603

Debtor's Attorney
Michael Shovan
6620 Weiss Road
Sagninaw, MI 48603
Email: mikeshovan@gmail.com

By:      */s/ Steven J. Cohen*
Steven J. Cohen
Lipson Neilson P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
Telephone: (248) 593-5000.
Facsimile: (248) 593-5040
Email: SCohen@lipsonneilson.com

Dated: November 11, 2021

Exhibit 4